TERRELL, Justice
(concurring specially)-
I agree to the judgment of the majority.I proffer my views because I think peth tioners are entitled to something more in support of the answer to the question presented than the mere ipse dixit of the court or any member of it. I do not have the slightest doubt that the petition was presented “earnestly and in good faith.” I recognize the right of the press and the public generally to inspect public records as contemplated by Section 119.01, Florida Statutes 1949, F.S.A. I am in perfect accord with the philosophy of Mr. Jefferson that one of the first essentials of democratic Government is a free press and the widest publicity to official conduct at every level.
I commenced reading Attorney General vs. John Peter Zenger reported in State Trials (New York) Vol. 17, page 675, for description of the climate that gave impetus to that doctrine. This case was tried in 1735, more than 40 years before the Declaration of Independence. Zenger was an unknown printer who charged Cosby, the.Royal Governor, with tampering with the right of the people to jury trials. He was indicted for libel. He was represented by Andrew Hamilton who admitted that Zenger published everything in his paper that he was charged with, but said Hamilton, “if we prove that the charge was true, it is not libel.” The Colonial Judge had a different view but the case was fought out on that issue and the jury returned a verdict of not guilty. The case is important because it is one of the early landmarks in this country on which a free press was predicated. It is not to be inferred however, that exceptions could not arise. '
•’ Requests by the Governor for the opinion of'Justices of the Supreme Court are limited to the interpretation of any portion of the “constitution upon any question affecting his executive powers and duties, and the Justices shall render stich opinion in writing.” The Court is not' required to answer requests for such opinions'unless cast within the orbit of the quoted terms of the constitution, but when so cast, the Governor is the sole judge of the scope of his request. They are properly addressed' to the Chief Justice of the Supreme Court.
When so addressed, they are considered by the Court en Banc; answer in the form of an advisory opinion is prepared, signed by the Justices and transmitted to the Governor by the Clerk as the representative of the Court. The Clerk retains a copy for the purpose of identification and certification to the Attorney General (who is-the Supreme Court Reporter) to be included in the appropriate volume of the Florida Reports. If it becomes a public record as-contemplated by Section 119.01, Florida Statutes 1949, F.S.A., I do not think it does'so until filed in the Governor’s office. The-request may be withdrawn by the Governor at any time. During the period it is within the breast of the Court, it is treated as any other “case” or matter under consideration, not subject to public inspection or inquiry.
It is well understood that advisory opinions to the Governor are not of the dignity and status as those rendered on brief and’ adversary argument. They are confined to-pointing out the Governor’s authority or duty under the provision of the constitution cited, without argument of the question presented or citation of authority in support of the conclusion. There have been departures from this rule' but it is generally observed.
Requests for advisory opinions are for the constitutional guidance of the Govern- or. They may also involve a choice of policy or conduct under the constitution about which he is in doubt. ' If the Court should decide that the request was not within -the scope of his constitutional inquiry and so advise him, or if for any other reason the *32 answer is such that the Governor concludes that action should be deferred for the present, he may govern himself accordingly. Such opinions are what the name implies, “advisory” only. They are much like opinions from lawyer to client and partake of the nature of confidential' communications.
Having this status it would not be proper for this Court to make available to the public the Governor’s request for an advisory opinion or the opinions when prepared before they reach the Governor. To this extent there is an element of protocol as well as one of law in the process of handling them. When the request with the opinion is filed with the Clerk of this Court and by him transmitted to and lodged in the Governor’s office and filed by him, I think it is then subject to inspection by the press or the public in the same manner that Section 119.01, Florida Statutes, F.S.A., provides for inspection of any other public document.